IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DAVID DENVER PARSONS**                  **PLAINTIFF**

versus                **CIVIL ACTION NO. 2:09-CV-72-KS-MTP**

**PEARL RIVER COUNTY, MISSISSIPPI;**
**PEARL RIVER COUNTY SHERIFF DAVID ALLISON;**
**HANCOCK COUNTY, MISSISSIPPI;**
**HANCOCK COUNTY SHERIFF STEVE GARBER;**
**SOUTHERN HEALTH PARTNERS, INC.;**
**LINDA COLLIER, RN; and JOHN DOES 1-10**        **DEFENDANTS**

## ORDER GRANTING MOTIONS TO CHANGE VENUE

THIS MATTER is before the court on the Motions of Defendants Linda Collier and Southern Health Partners, Inc. (SHP) to Change Venue [12] [13].[1] The court having reviewed the submissions of the parties and the applicable law finds the motions should be GRANTED and that this case should be transferred to the Southern Division of the Southern District of Mississippi.

<u>Factual Background</u>

Plaintiff, David Denver Parsons, was arrested in May 2007 in Hancock County and was transferred to Harrison County due to lack of facilities as a result of Hurricane Katrina. (Compl. 3-4.) Upon an arraignment of new charges, Plaintiff was then moved to Pearl River County Jail. In his Complaint [1], Plaintiff alleges that while at Pearl River County Jail, he was not issued

---

[1] Defendants Hancock County, Mississippi and Steve Garber have joined [19] in the motions.

1

shoes for more than six weeks and as a result, developed ulcers and lesions on his right foot.[2]
Ultimately, in September 2007, Plaintiff was taken to Forrest General Hospital in Hattiesburg, Mississippi, where his leg was amputated below the knee. Plaintiff asserts a number of claims against Defendants regarding the medical treatment (or lack thereof) he received while incarcerated at the Pearl River County Jail, both before and after his leg was amputated. None of the Defendants reside in Hattiesburg, Mississippi or anywhere within the Hattiesburg Division of the Southern District of Mississippi.[3] Plaintiff currently resides in Ohio.[4]

Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Further, "[u]pon motion,...any action...may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). *See also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

---

[2] Plaintiff alleges that he is diabetic and requires daily medication to control his blood sugar. Plaintiff alleges that at the time of his arrest, his diabetes was controlled, and that although he had a history of diabetic ulcerations on his feet, at the time of his arrest no ulcers were present. *See* Complaint at 4.

[3] Defendants are: 1) Pearl River County, Mississippi; 2) David Allison, Sheriff of Pearl River County; 3) Hancock County, Mississippi; 4) Steve Garber, Sheriff of Hancock County; 5) SHP, a Tennessee Corporation whose registered agent for service of process is in Flowood, Mississippi (Rankin County); 6) Linda Collier, RN, who resides in Poplarville, Mississippi; 7)John Does 1-10, employees and/or independent contractors for the abovementioned Defendants. *See* Complaint at 1-2.

[4] Plaintiff apparently moved to Ohio after being released from the Pearl River County Jail so that his family could assist with his medical care. *See* Complaint at 6.

2

justice, transfer such case to any district or division in which it could have been brought.").[5]

Plaintiff has conceded that the acts and omissions giving rise to his claims of medical malpractice occurred entirely within the Southern Division while Plaintiff was incarcerated at the Pearl River County Jail.[6] *See* Plaintiff's Response [14] at 1. The only act that occurred in the Hattiesburg Division was the amputation of Plaintiff's leg at Forrest General Hospital. However, Plaintiff makes no allegations against Forrest General Hospital relating to the amputation, nor does Plaintiff raise any issues whatsoever regarding the medical care he received while in Hattiesburg. Further, none of the Defendants reside in the Hattiesburg Division. Accordingly, the court finds it appropriate to transfer this case to the Southern Division of the Southern District of Mississippi for the convenience of parties and witnesses and in the interests of justice. *See* 28 U.S.C. § 1404(a).

IT IS, THEREFORE, ORDERED and ADJUDGED that the Motions of Defendants Collier and SHP to Change Venue [12] [13] are granted and this case shall be transferred to the Southern Division of the Southern District of Mississippi.

SO ORDERED this the 9th day of June, 2009.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge

---

[5] The general venue statute, 28 U.S.C. § 1391, does not refer to "divisions" within districts. Nevertheless, it provides that in a case where jurisdiction is not based solely on diversity of citizenship, venue is proper in either: 1) a district where any defendant resides; or 2) a district "in which a substantial part of the events or omissions giving rise to the claim occurred...."

[6] Pearl River County is located in the Southern Division of the Southern District of Mississippi. 28 U.S.C. § 104(b)(4).